Filed 1/10/14  P. v. Galvez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G048221 |
| v. | (Super. Ct. No. 11NF3338) |
| ERIK GALVEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Steven D. Bromberg, Judge.  Affirmed.

Erik Galvez, in pro. per; and John N. Aquilina, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

\*          \*          \*

A jury convicted defendant Erik Galvez of second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c); count 1),[1] and second degree burglary (§§ 459, 460, subd. (b); count 2).[2] The court sentenced defendant to the upper term of five years on count 1, a concurrent middle term of two years on count 2, and stayed execution of sentence on count 2 pursuant to section 654. Defendant was given credit for 97 actual days in custody and 19 days of conduct credit for a total of 116 days. The court also imposed a state restitution fine of $200, imposed and stayed a $200 parole revocation restitution fine, imposed a $40 court operations fee, and imposed a $30 criminal conviction assessment fee.

Defendant timely filed a notice of appeal, and we appointed counsel to represent him. Counsel did not argue against defendant, but advised the court he was unable to find an issue to argue on defendant's behalf. Defendant was given the opportunity to file written argument in his own behalf, and he has done so, submitting a three page handwritten brief (excluding exhibits).

We have examined the entire record, and considered the briefs submitted by counsel and defendant, but have not found an arguable issue. (*People v. Wende* (1979) 25 Cal.3d 436.) Accordingly, we affirm the judgment.

FACTS

We recite the facts in the light most favorable to the judgment. (*People v. Houston* (2012) 54 Cal.4th 1186, 1215.)

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

[2] The jury acquitted defendant of receiving stolen property (§ 496, subd. (a); count 3).

2

On October 14, 2011, Kristen Mitchell and Jessica Tejada were working as the cashier and courtesy clerk respectively at check stand number one at the Stater Brothers grocery store in Anaheim, California. Each of them noticed a man (later identified as defendant) walk into the store and go to the liquor department. Mitchell called the store's service manager, Thi Ta, because she had seen defendant enter the store a month earlier, take a bottle of liquor, put it in the pocket of his sweatshirt, and walk out of the store while holding a knife in his hand. While waiting for Ta to respond to Mitchell's call, Tejada saw defendant pick up a dark liquor bottle and walk out without paying. Mitchell likewise saw defendant take a liquor bottle, put it in his sweatshirt, and leave the store. As in the prior incident, Mitchell saw a box cutter in defendant's hand as he walked out the door.

Meanwhile, Ta had alerted assistant manager Michael Elarcosa about the potential shoplifting in progress, and both made their way to the area of the liquor department. While defendant was still in the liquor department, Ta approached him and asked if he needed any help, and defendant said he was "okay." During that encounter, Ta saw a square, dark bottle in the front pocket of defendant's sweatshirt that was "consistent" with a hard liquor product called "Jagermeister." When Ta approached defendant, he was standing near the Jagermeister section of the store. As defendant started to walk away, Ta looked down and saw a box cutter in defendant's hand, and Ta decided to "back off." Elarcosa did not personally see defendant take anything, but he did see defendant walking out the door with a box cutter in his hand, held at his right side.

Although Ta's normal procedure with shoplifters was to stop the suspect at the exit and ask that the merchandise be returned, he did not do this when defendant left the store because "he had a blade in his hand"; Ta was "fearful of that blade." But Ta followed defendant as he left the store, "keeping [his] distance, knowing that he [had] a blade on him, to get a description of a vehicle or where he was going to give to the

3

police." Elarcosa did not follow immediately, but did see defendant get into a Lexus. Ta was able to get the license plate number for the Lexus. The license plate number was given to the police, and that information eventually led to defendant's arrest.

DISCUSSION

*None of the Issues Suggested by Counsel are Potentially Arguable on Appeal*

To assist the court with its independent review of the record, defendant's counsel suggests we consider three potentially arguable issues. (See *Anders v. California* (1967) 386 U.S. 738.) We address each potential issue in turn, and conclude none are arguable.

1. Counsel suggests we consider whether defendant's convictions are constitutionally valid. Counsel does not suggest any potential constitutional problem, and we have discerned none. This was a straightforward trial in which several witnesses saw defendant take a liquor bottle from a store shelf, not pay for it, and walk out of the store displaying a box cutter. The employees were afraid to stop defendant because he displayed the box cutter. "Because larceny is a continuing offense, a defendant who uses force or fear in an attempt to escape with property taken by larceny has committed robbery." (*People v. Williams* (2013) 57 Cal.4th 776, 787; see *People v. Estes* (1983) 147 Cal.App.3d 23, 27-28.) The evidence of burglary was likewise clear. "Every person who enters any . . . store . . . with intent to commit . . . petit larceny . . . is guilty of burglary." (§ 459.) Defendant entered the store, walked directly to the liquor department, took the bottle, and left without paying. His intent to commit larceny at the time he entered the store was apparent. We are unable to discern a constitutional infirmity.

2. Counsel suggests we consider whether there is a proper factual basis for the conviction. As summarized in our answer to counsel's first suggested issue, there is,

4

of course, a proper factual basis. This was not a complicated case. Defendant's criminal conduct constituted a textbook example of a burglary and a so-called *Estes* robbery. (See *People v. Estes*, *supra*, 147 Cal.App.3d 23, 27-28.)

3. Finally, counsel suggests we consider whether the court abused its sentencing discretion in denying probation and imposing the upper term of five years for the robbery conviction. The court's sentencing decision is reviewed for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.'" (*Ibid.*)

Here, the court carefully exercised its discretion and explained its decision with care. It found defendant eligible for probation but denied probation reciting factors relating both to the crime and to the defendant under California Rules of Court, rule 4.414. Reviewing the probation report, the court stated it had "difficulty finding mitigating circumstances." In aggravation, the court noted "[t]his wasn't the first time he was seen walking into a store with a box cutter in his hand." "He held the box cutter in a manner that I believe reasonable people would see, and it appeared that he was ready to use it if he felt the need to do that." As to the defendant, the court found "he has an extensive criminal history." "He's learned how to steal. Maybe not well because he keeps getting caught. But he's learned how to steal. To this day he denies his culpability in the robbery, indicating that he only took the property because it cost too much." Concluding, the court found "there would not be a likelihood that he would succeed upon a grant of probation."

Regarding the state prison term, the court stated it reviewed and considered the mitigating circumstances under California Rules of Court, rules 4.423(a) and 4.423(b), and found there were none. It incorporated the same reasons in aggravation

5

cited in denying probation, and in addition found other aggravating factors under rule 4.421. The crime involved "a potential of great bodily harm." "The manner in which the crime was carried out does indicate planning and sophistication as the defendant had frequented the store on numerous occasions in the past," and "defendant has engaged in conduct in this case that indicates a serious danger to society." The court noted defendant had "served a prior prison term," "was not remorseful," and appeared "to be approaching the level of a career criminal." The court's pronouncement of sentence was not arbitrary and capricious, but rather demonstrated a careful balancing of the appropriate factors to consider when imposing sentence. The court did not abuse its sentencing discretion.

*Defendant's Arguments Lack Merit*

Defendant's first two arguments are related, but both are unmeritorious. He claims his sentence is illegal. Defendant refers to a minute order indicating that on motion by the People, the court had dismissed a strike prior originally alleged in the felony complaint. The strike was dismissed approximately seven months before the preliminary hearing, and was not alleged in the information on which defendant was tried. The People had originally charged a 2002 conviction for violation of section 245, subdivision (a)(1), as a strike prior. We do not have a record indicating why the People moved to dismiss the allegation, but we surmise it is likely the underlying facts showed the violation to be an assault by means of force likely to cause great bodily injury. In *People v. Haykel* (2002) 96 Cal.App.4th 146, we held that a violation of section 245, subdivision (a)(1), consisting of an assault by means of force likely to produce great bodily injury, is not a serious felony as defined by section 1192.7, subdivision (c)(31). In any event, of course, the dismissal of the strike allegation greatly benefitted defendant. Otherwise he would have been exposed to a double term of 10 years.

Defendant's second and related argument is that the prosecution abused its power and violated his due process rights by dismissing the strike. On the contrary, the

prosecution accorded defendant due process by dismissing an allegation it apparently believed could not be sustained.

Defendant's third argument is that his trial counsel was incompetent for his failure to have defendant declared mentally incompetent on the ground he had been "shot in head" and unable "to understand what [was] going on with [his] proceedings." Defendant refers to two separate *Marsden* hearings in which he complained about counsel. But nowhere in those hearings was there any mention of being "shot in head," nor was there any hint that defendant was not competent to stand trial. Defendant also faults trial counsel for not filing a sentencing brief with the trial court. But this was not a case that presented any complicated sentencing issues. At the sentencing hearing, counsel argued for imposition of the low term, which, under the circumstances, was the only arguably realistic position to advocate.

Defendant next argues his appointed appellate counsel is incompetent, and asks for the appointment of a new lawyer. But after our independent review of the record, we conclude that appellate counsel is clearly competent and his assessment of the record was correct. There simply is no issue disclosed by the record which is arguable on appeal.

Defendant suggests the jury was subjected to tampering. This assertion arises from an incident in which a juror reported to the court, immediately before both parties rested their case, that she had turned a page in her notebook, and discovered a piece of paper with the word "innocent" written on it. The court brought the juror into chambers with counsel for both parties to inquire into these circumstances. The juror did not write the note. After the court questioned the juror about the circumstances of finding the note, the court and both counsel concurred that the piece of paper was most likely a ballot from an earlier case that had inadvertently not been stripped out of the notebook before the notebook was reused for the current trial. Thus, there was no evidence of jury

7

tampering. All participants agreed the presence of the piece of paper was simply accidental and had no effect on the juror's ability to fairly evaluate the evidence

Defendant also complains about perceived evidentiary errors. Remarkably, he complains about evidentiary rulings in his favor, and that were related only to the receiving stolen property count for which defendant was acquitted. In connection with the charge of receiving stolen property, the prosecution sought to introduce evidence recovered during the execution of a search warrant in which two checkbooks in other person's names were found in a backpack linked to defendant. The court ruled that only the checkbook in the name of the person who was available to testify would be admissible — but the other checkbook, and the general dirty condition of the premises were not admissible. As noted, this evidentiary ruling was in favor of defendant and was related only to the count on which defendant was acquitted. Clearly, there was no error, much less prejudicial error.

Defendant also asserts evidentiary error in allowing assistant manager Elarcosa to testify that when he responded to Ta's call, Ta told him he "had taken the product and he had a box cutter." After conducting a voire dire examination of the witness outside the presence of the jury, the court concluded that Ta's statement was admissible under Evidence Code section 1240 as a spontaneous declaration made by Ta while under the stress of excitement caused by his perception of the event. The court did not abuse its discretion in making this ruling, and in any event, there were three witnesses who observed the box cutter in defendant's hand at various times, and two witnesses who directly observed defendant taking the bottle off the shelf. The admission of Ta's statement could not have been prejudicial.

Finally, defendant contends his sentence is illegal because the court stayed execution of sentence on the burglary count under section 654. Once again defendant has complained about a ruling in his favor — a repeated characteristic of his supplemental brief. From the evidence in this record, the conclusion is easily drawn that the burglary

8

and the robbery were an indivisible transaction, and defendant could be punished only for the greater offense.  (§ 654; see, e.g., *People v. Hopkins* (1975) 44 Cal.App.3d 669, 677.) The court's finding that the offenses were incident to a single objective is supported by substantial evidence.  There was no sentencing error.

We have searched the entire record for any other arguable errors, and have found none.


DISPOSITION


The judgment is affirmed.



IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.


9